# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULI MOORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08-CV-0233-MJR |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) |

## ORDER on MOTION IN LIMINE

**REAGAN, District Judge:**

Defendant Illinois Department of Corrections has filed a motion in limine with subparts seeking the exclusion of certain testimony and evidence at trial (Doc. 34).

The purpose of a motion in limine is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States,* **469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"); FED. R. EVID. 104(a)("Preliminary questions concerning the qualification of a person to be a witness ... or the admissibility of evidence shall be determined by the court....").**

The motion in limine is not found in the FEDERAL RULES OF CIVIL PROCEDURE nor in the FEDERAL RULES OF EVIDENCE. *Deghand v. Wal-Mart Stores, Inc.*, **980 F. Supp. 1176, 1179 (D.Kan.1997)**. It serves to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* **88 F.3d 136, 141 (2d Cir.**

1996). Motions in limine also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* **932 F. Supp. 220, 222 (N.D. Ill. 1996)**. Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *See Sperberg v. Goodyear Tire & Rubber Co.,* **519 F.2d 708, 712 (6th Cir.),** *cert. denied*, **423 U.S. 987 (1975).**

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.,* **864 F. Supp. 67, 69 (N.D. Ill. 1994)**. The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group,* **937 F. Supp. 276, 287 (S.D.N.Y. 1996)**. Moreover, the court may alter an limine ruling based on developments at trial or sound judicial discretion. *Luce,* **469 U.S. at 41**.

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.,* **831 F. Supp. 1398, 1401 (N.D. Ill. 1993)**. Denial only means that the court cannot decide admissibility outside the context of trial. *Plair,* **864 F. Supp. at 69**.

Clearly, a court may reserve judgment until trial, so that the motion in limine is placed "in an appropriate factual context." *Nat'l Union,* **937 F. Supp. at 287.** Stated another way, motion in limine rulings are "subject to change when the case unfolds" at trial. *Luce,* **469 U.S. at 41.** Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* The Court should exclude evidence on a motion in limine "only when the evidence is clearly inadmissible on all potential grounds." *Commerce Funding Corp. v. Comprehensive Habilitation Servs.*, **2005 WL 1026515, \*3 (S.D.N.Y. 2005)**.

With these principles in mind, the Court rules as follows.

Subpart (a) seeking to exclude any evidence regarding non-compensatory or punitive damages: **GRANTED**. These damages are not recoverable, and the Court has so ruled. Some overlapping evidence on these nonawardable damages and those that are awardable cannot be avoided. Evidence will be admissible for the latter purpose.

Subpart (b) seeking to exclude any evidence regarding compensatory damages beyond those claimed in Exhibit 1(attached) (which limits Moore's compensatory damage award to those damages allegedly incurred as a result of not being promoted to a Correctional nurse II position in December 2006): **GRANTED**. Plaintiff did not timely claim 3 days (docked pay) because she was not allowed to use her compensatory time. These 3 days of damages were not disclosed in time for verification of these damages through discovery. Similarly, the specific compensatory damages she claimed as a result of not being able to substitute compensatory time for sick leave time were not vetted due to late disclosure.

Subpart (c) seeking to exclude any evidence that discloses details of Moore's medical condition and treatments which was not disclosed to the IDOC prior to this litigation: **GRANTED** with the understanding that disclosures include written and verbal.

Subpart (d) seeking to exclude any evidence concerning actions taken by the IDOC prior to Moore's February 2007 request for FMLA leave: **RESERVED**. The Court needs more information to rule on this motion.

All motion deadlines have now expired, and trial will commence at **9:00 a.m. on Monday, June 22, 2009**. The undersigned Judge has set aside 3 days on his docket for this trial to be completed (counsel have assured the Court the trial can be fully presented in that time period).

**IT IS SO ORDERED.**

**DATED this 19th day of June, 2009**

s/Michael J. Reagan  
**MICHAEL J. REAGAN**  
**United States District Judge**